Jura C. Zibas (SBN 217864)
Valeria Granata (SBN 305905)
David R. Lang (SBN331426)
Jura.Zibas@wilsonelser.com
Valeria.Granata@wilsonelser.com
David.Lang@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Phone: 213.443.5100
Fax: 213.443.5101

Attorneys for Defendants, SAMAN RYAN HEIDARI,
HEIDARI LAW GROUP, P.C., and HEIDARI LAW GROUP, PLLC

Ryan Gile (SBN 192802)
rg@gilelawgroup.com
**GILE LAW GROUP LTD.**
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Phone: 702.703.7288

Attorneys for Defendants/Counter-Claimants
SAMAN RYAN HEIDARI, HEIDARI LAW GROUP, P.C.,
and HEIDARI LAW GROUP, PLLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE SAM BERNSTEIN LAW FIRM, PLLC | Case No. 2:24-cv-10251-SK |
| Plaintiff, | **DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| SAMAN RYAN HEIDARI; HEIDARI LAW GROUP, P.C.; HEIDARI LAW GROUP, PLLC, | |
| Defendants. | |
| SAMAN RYAN HEIDARI; HEIDARI LAW GROUP, P.C.; HEIDARI LAW GROUP, PLLC, | |
| Counter-Claimants, | |
| v. | |
| THE SAM BERNSTEIN LAW FIRM, PLLC, | |
| Counter-Defendant. | |

Defendants Saman Ryan Heidari, Heidari Law Group, P.C., and Heidari Law Group, PLLC (collectively, "Defendants"), by and through their undersigned counsel, respond to the First Amended Complaint ("Complaint") filed by Plaintiff The Sam Bernstein Law Firm, PLLC ("Plaintiff") as follows:

1.    In response to the allegations contained in Paragraph 1 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

2.    In response to the allegations contained in Paragraph 2 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

3.    With respect to any alleged trademark registrations, Defendants state that no response is required and that the documents speak for themselves. With respect to the allegations contained in Paragraph 3 which set forth conclusions of law, no response is required. To the extent a response is deemed required, Defendants respectfully refer all questions of law to this Honorable Court. In response to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

4.    With respect to the allegations contained in Paragraph 4 which set forth conclusions of law, no response is required. To the extent a response is deemed required, Defendants respectfully refer all questions of law to this Honorable Court. In response to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

5.    With respect to the allegations contained in Paragraph 5 which set

DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

forth conclusions of law, no response is required. To the extent a response is deemed required, Defendants respectfully refer all questions of law to this Honorable Court. Defendants deny the remaining allegations.

6.  With respect to the allegations contained in Paragraph 6 which set forth conclusions of law, no response is required. To the extent a response is deemed required, Defendants respectfully refer all questions of law to this Honorable Court. Defendants deny the remaining allegations.

7.  With respect to the allegations contained in Paragraph 6 which set forth conclusions of law, no response is required. To the extent a response is deemed required, Defendants respectfully refer all questions of law to this Honorable Court. Defendants deny the remaining allegations.

8.  With respect to any alleged trademark registrations, Defendants state that no response is required and that the documents speak for themselves. In response to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

9.  In response to the allegations contained in Paragraph 9 of the Complaint, Defendants admit that Saman Ryan Heidari is an attorney licensed to practice law in California (attorney number 302555) with a California business address of 3530 Wilshire Boulevard, Suite 710, Los Angeles, CA 90010, and is also licensed to practice law in Nevada (attorney number 13347). All allegations not expressly admitted are denied.

10. In response to the allegations contained in Paragraph 10 of the Complaint, Defendants admit that Heidari Law Group, P.C. is a professional corporation organized under the laws of the State of California with its principal place of business located at 611 S. 6th Street, Las Vegas, NV, 89101. Defendants admit that Heidari Law Group, P.C.'s California Office of Corporation is 3530 Wilshire Boulevard, Suite 710, Los Angeles, CA 90010. Defendants admit that

Heidari Law Group, P.C., is registered as a Foreign Professional Corporation in Nevada. All allegations not expressly admitted are denied.

11.    In response to the allegations contained in Paragraph 11 of the Complaint, Defendants admit that Heidari Law Group, PLLC is a professional limited liability company organized under the laws of the State of Nevada with its principal place of business located at 611 S. 6th Street, Las Vegas, NV, 89101. All allegations not expressly admitted are denied.

12.    With respect to the allegations contained in Paragraph 12 of the Complaint which sets forth a conclusion of law, no response is required.

13.    With respect to the allegations contained in Paragraph 13 of the Complaint which set forth legal conclusions of law, no response is required, and Defendants refer all questions of law to this Honorable Court. To the extent a response is deemed required, Defendants deny the allegations.

14.    With respect to the allegations contained in Paragraph 14 of the Complaint which set forth legal conclusions of law, no response is required, and Defendants refer all questions of law to this Honorable Court. To the extent a response is deemed required, Defendants deny the allegations.

15.    With respect to the allegations contained in Paragraph 15 of the Complaint which set forth legal conclusions of law, no response is required, and Defendants refer all questions of law to this Honorable Court. To the extent a response is deemed required, Defendants deny the allegations.

16.    With respect to the allegations contained in Paragraph 16 of the Complaint which set forth legal conclusions of law, no response is required, and Defendants refer all questions of law to this Honorable Court. To the extent a response is deemed required, Defendants deny the allegations.

17.    With respect to the allegations contained in Paragraph 17 of the Complaint which set forth legal conclusions of law, no response is required, and Defendants refer all questions of law to this Honorable Court. To the extent a

1    response is deemed required, Defendants deny the allegations.

2       18.    In response to the allegations contained in Paragraph 18 of the

3    Complaint, Defendants lack knowledge or information sufficient to form a belief

4    as to the truth of the allegations in this paragraph, and on that basis deny the

5    allegations contained therein.

6       19.    In response to the allegations contained in Paragraph 19 of the

7    Complaint, Defendants lack knowledge or information sufficient to form a belief

8    as to the truth of the allegations in this paragraph, and on that basis deny the

9    allegations contained therein.

10      20.    In response to the allegations contained in Paragraph 20 of the

11   Complaint, Defendants lack knowledge or information sufficient to form a belief

12   as to the truth of the allegations in this paragraph, and on that basis deny the

13   allegations contained therein.

14      21.    In response to the allegations contained in Paragraph 21 of the

15   Complaint, Defendants lack knowledge or information sufficient to form a belief

16   as to the truth of the allegations in this paragraph, and on that basis deny the

17   allegations contained therein.

18      22.    In response to the allegations contained in Paragraph 22 of the

19   Complaint, Defendants lack knowledge or information sufficient to form a belief

20   as to the truth of the allegations in this paragraph, and on that basis deny the

21   allegations contained therein.

22      23.    With respect to the allegations contained in Paragraph 23 of the

23   Complaint which set forth legal conclusions of law, no response is required, and

24   Defendants refer all questions of law to this Honorable Court. In response to the

25   remaining allegations, Defendants lack knowledge or information sufficient to

26   form a belief as to the truth of the allegations in this paragraph, and on that basis

27   deny the allegations contained therein.

28      24.    In response to the allegations contained in Paragraph 24 of the

Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

25.    In response to the allegations contained in Paragraph 25 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

26.    In response to the allegations contained in Paragraph 26 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

27.    In response to the allegations contained in Paragraph 27 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

28.    In response to the allegations contained in Paragraph 28 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

29.    In response to the allegations contained in Paragraph 29 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

30.    In response to the allegations contained in Paragraph 30 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

31.    In response to the allegations contained in Paragraph 31 of the

1    Complaint, Defendants lack knowledge or information sufficient to form a belief
2    as to the truth of the allegations in this paragraph, and on that basis deny the
3    allegations contained therein.

4        32.    In response to the allegations contained in Paragraph 32 of the
5    Complaint, Defendants lack knowledge or information sufficient to form a belief
6    as to the truth of the allegations in this paragraph, and on that basis deny the
7    allegations contained therein.

8        33.    In response to the allegations contained in Paragraph 33 of the
9    Complaint, Defendants lack knowledge or information sufficient to form a belief
10    as to the truth of the allegations in this paragraph, and on that basis deny the
11    allegations contained therein.

12        34.    In response to the allegations contained in Paragraph 34 of the
13    Complaint, Defendants lack knowledge or information sufficient to form a belief
14    as to the truth of the allegations in this paragraph, and on that basis deny the
15    allegations contained therein.

16        35.    In response to the allegations contained in Paragraph 35 of the
17    Complaint, Defendants lack knowledge or information sufficient to form a belief
18    as to the truth of the allegations in this paragraph, and on that basis deny the
19    allegations contained therein.

20        36.    With respect to any alleged trademark registrations, Defendants state
21    that no response is required and that the documents speak for themselves. With
22    respect to the allegations contained in Paragraph 36 which set forth conclusions of
23    law, no response is required. To the extent a response is deemed required,
24    Defendants respectfully refer all questions of law to this Honorable Court. In
25    response to the remaining allegations, Defendants lack knowledge or information
26    sufficient to form a belief as to the truth of the allegations in this paragraph, and
27    on that basis deny the allegations contained therein.

28        37.    In response to the allegations contained in Paragraph 37 of the

Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

38.    In response to the allegations contained in Paragraph 38 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

39.    In response to the allegations contained in Paragraph 39 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

40.    In response to the allegations contained in Paragraph 40 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

41.    Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42.    Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.    With respect to the allegations contained in Paragraph 43, Defendants admit that as of today the website https://www.heidarilawgroup.com/ (the "Website"), states: "We proudly serve a wide region, with offices in Las Vegas, Los Angeles, Irvine, Fresno, Bakersfield, and Sacramento. . . . Trust our legal team to navigate the complexities of your personal injury claim, taking the stress and pressure off your hands." All allegations not expressly admitted are denied.

44.    With respect to any public corporate filings, Defendants state that no response is required and that the documents speak for themselves. Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint.

45.    With respect to any public corporate filings, Defendants state that no response is required and that the documents speak for themselves. Defendants deny the remaining allegations contained in Paragraph 45 of the Complaint.

46.    With respect to the allegations contained in Paragraph 46, Defendants admit that as of today, pages on the website contain the following description: "Sam Heidari is the founding principal of Heidari Law Group, a law firm specializing in personal injury, wrongful death, and employment law". All allegations not expressly admitted are denied.

47.    With respect to the allegations contained in Paragraph 47, Defendants admit that Mr. Heidari appears personally in advertisements and social media posts regarding legal services in California and Nevada. All allegations not expressly admitted are denied.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.    With respect to the application to register the trademark HEIDARI LAW GROUP, P.C., INJURY LAWYERS (Serial No. 97/655,830), Defendants state that no response is required and that the documents speak for themselves.

50.    With respect to public court documents, Defendants state that no response is required and that the documents speak for themselves.

51.    With respect to publicly available information with the California and Nevada state bars, Defendants state that no response is required and that the documents speak for themselves. With respect to the allegations contained in Paragraph 51, Defendants admit that as of today, the LinkedIn screenshot as shown in Paragraph 51 lists Heidari Law Group, PC, as Mr. Heidari's employer. All allegations not expressly admitted are denied.

52.    With respect to the allegations contained in Paragraph 52, Defendants admit that as of today, the website advertises their legal services in California and Nevada. All allegations not expressly admitted are denied.

53.     With respect to the allegations contained in Paragraph 53, Defendants deny as of today.

54.     With respect to the allegations contained in Paragraph 54, Defendants admit that as of today, another page on the website states: "If you or a loved one has been injured in Pasadena, don't face the challenges alone. Contact Heidari Law Group, P.C. for compassionate and effective legal representation." All allegations not expressly admitted are denied.

55.     With respect to the allegations contained in Paragraph 55, Defendants admit that as of today, the website features promotional pages for numerous other cities across California, in both English and Spanish. All allegations not expressly admitted are denied.

56.     With respect to the allegations contained in Paragraph 56, Defendants deny as of today.

57.     With respect to the allegations contained in Paragraph 57, Defendants admit that as of today, a recent job posting on LinkedIn states: "Heidari Law Group, P.C. is one of the fastest-growing and successful Plaintiff's Personal Injury and Employment law firms in California and Nevada, with principal offices in Los Angeles and Las Vegas, but additional offices throughout both states." All allegations not expressly admitted are denied.

58.     With respect to the allegations contained in Paragraph 58, Defendants admit that as of today, the advertisement, shown in Paragraph 58 of the Complaint, notes that Heidari Law Group, P.C. is "Licensed in Nevada and California" and is "Meeting with Clients in California or Nevada Offices." All allegations not expressly admitted are denied.

59.     With respect to the allegations contained in Paragraph 59, Defendants admit that as of today, the Heidari Law Group, P.C. name is used in the Instagram post shown in Paragraph 59 of the Complaint. All allegations not expressly admitted are denied.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     With respect to the allegations contained in Paragraph 61, Defendants admit that Heidari Law Group, PLLC, owns and maintains the domain name for the website, and is responsible for its billboards in Nevada. All allegations not expressly admitted are denied.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.      With respect to the allegations contained in Paragraph 63 of the Complaint which set forth legal conclusions of law, no response is required, and Defendants refer all questions of law to this Honorable Court. To the extent a response is deemed required, Defendants deny the allegations.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     With respect to the allegations contained in Paragraph 65, Defendants admit that as of today, the domain name <justcallsam.com> redirects to a page of the website with a URL https://www.heidarilawgroup.com/locations/just-call-sam/". All allegations not expressly admitted are denied.

66.     With respect to the allegations contained in Paragraph 66, Defendants admit that as of today, the screenshot as shown in Paragraph 66 of the Complaint includes the phrase "Just Call Sam" and "Just Call Sam Now" in bold titles, alongside a logo for Defendant Heidari Law Group, P.C. All allegations not expressly admitted are denied.

67.     With respect to the allegations contained in Paragraph 67, Defendants admit that the URL contained in footnote 26 to Paragraph 67 of the Complaint notes as of today: "Our experienced Attorneys will work to make sure that your personal injury case gets the utmost attention and care. To get started, JUST CALL SAM as we work on getting you the best legal result." All allegations not expressly

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

admitted are denied.

68.    With respect to the trademark registration for ABOGADOS CON EXPERIENCIA (Reg. No. 7,395,511), Defendants state that no response is required and that the documents speak for themselves. With respect to the allegations contained in Paragraph 68, Defendants admit that as of today, the domain name <llamasam.com> redirects to the website https://abogadosconexperiencia.com/llama-a-sam. All allegations not expressly admitted are denied.

69.    With respect to the allegations contained in Paragraph 69, Defendants admit that Defendants placed advertisements featuring the phrase JUST CALL SAM on billboards in Clark County, Nevada, as well as on buses and bus shelters. All allegations not expressly admitted are denied.

70.    Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.    With respect to the allegations contained in Paragraph 71, Defendants admit that as of today, the Instagram post, as shown in Paragraph 71 of the Complaint, includes the phrase JUST CALL SAM in the bio section, alongside a telephone number with a Los Angeles area code and another telephone number with a Las Vegas area code, and that the phrase JUST CALL SAM also appears in a "pinned" post. All allegations not expressly admitted are denied.

72.    Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.    Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.    With respect to the allegations contained in Paragraph 74, Defendants deny as of today.

75.    With respect to the allegations contained in Paragraph 75, Defendants deny as of today.

76.    Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77.    Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.    Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.    With respect to the allegations contained in Paragraph 79 of the Complaint which set forth legal conclusions of law, no response is required, and Defendants refer all questions of law to this Honorable Court. In response to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

80.    With respect to the allegations contained in Paragraph 80 of the Complaint which set forth legal conclusions of law, no response is required, and Defendants refer all questions of law to this Honorable Court. To the extent a response is deemed required, Defendants deny the allegations.

81.    Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.    Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.    Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.    Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.    In response to the allegations contained in Paragraph 85 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis deny the allegations contained therein.

86.   Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.   Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88.   Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.   With respect to the allegations contained in Paragraph 89 of the Complaint which set forth legal conclusions of law, no response is required, and Defendants refer all questions of law to this Honorable Court. To the extent a response is deemed required, Defendants deny the allegations.

90.   In response to Paragraph 90, Defendants incorporate by reference, repeat, and reallege their responses to the preceding paragraphs.

91.   With respect to the alleged trademark registrations, Defendants state that the documents speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 91.

92.   Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.   Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.   Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.   Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.   Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.   Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.   In response to Paragraph 98, Defendants incorporate by reference,

repeat, and reallege their responses to the preceding paragraphs.

99.    Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    In response to Paragraph 104, Defendants incorporate by reference, repeat, and reallege their responses to the preceding paragraphs.

105.    With respect to the alleged trademark registrations, Defendants state that the documents speak for themselves. Defendants deny the remaining allegations set forth in Paragraph 105.

106.    Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    In response to Paragraph 109, Defendants incorporate by reference, repeat, and reallege their responses to the preceding paragraphs.

110.    Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

## AFFIRMATIVE DEFENSES

As to defenses to the Complaint, Defendants do not, by stating the matters set forth in these defenses, allege or admit that they have the burden of proof or persuasion with respect to any of these matters, and do not assume the burden of proof or persuasion on any matters as to which Plaintiff has the burden of proof or persuasion. The following defenses are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserves the right to modify, amend, or supplement any defense contained in this Answer. Defendants reserve the right to assert other defenses as information is gathered through discovery and investigation. Defendants incorporates their Answer to the Complaint herein.

## FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The claims of the Complaint are barred, in whole or in part, because Plaintiff has failed to adequately state a claim for relief.

## SECOND AFFIRMATIVE DEFENSE: FAIR USE

Plaintiff's claims fail because any alleged use of Plaintiff's alleged trademarks is fair use and/or descriptive use.

## THIRD AFFIRMATIVE DEFENSE: PLAINTIFF'S MARKS ARE GENERIC

The claims fail because Plaintiff's alleged trademarks are generic and therefore, unprotectible.

/ / /

/ / /

/ / /

/ / /

Date: March 17, 2025

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

/s/_____*Jura C. Zibas*_____
Jura C. Zibas (SBN 217864)
Valeria Granata (SBN 305905)
David R. Lang (SBN331426)
Jura.Zibas@wilsonelser.com
Valeria.Granata@wilsonelser.com
David.Lang@wilsonelser.com
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Phone: 213.443.5100
Fax: 213.443.5101

**GILE LAW GROUP LTD.**
Ryan Gile (SBN 192802)
rg@gilelawgroup.com
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Phone: 702.703.7288

Attorneys for Defendants SAMAN RYAN HEIDARI, HEIDARI LAW GROUP, P.C., and HEIDARI LAW GROUP, PLLC

## COUNTERCLAIMS

DEFENDANTS/COUNTER-CLAIMANTS Saman Ryan Heidari; Heidari Law Group, P.C.; Heidari Law Group, PLLC ("Counter-Claimants") against Plaintiff/Counter-Defendant The Sam Bernstein Law Firm, PLLC. ("Counter-Defendant") allege as follows:

## JURISDICTION AND VENUE

1.      These Counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202 et seq. and the Lanham Act, 15 U.S.C. § 1051, et seq.  This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§1331, 1367, & 1338(a).

2.      This Court has personal jurisdiction over Counter-Defendant because Counter-Defendant has submitted to jurisdiction of the Court by filing the Complaint.

3.      Venue is proper in this Judicial District under 28 U.S.C. §§ 1391

and/or 1400 at least because Counter-Defendant filed the Complaint in this District.

## PARTIES

4.      Counter-Plaintiff Saman Ryan Heidari ("Mr. Heidari") is, and at all times relevant hereto was, an individual resident of Nevada licensed to practice law in Nevada and California.

5.      Counter-Plaintiff Heidari Law Group, P.C. (the "California Entity") is, and at all times relevant hereto was, a professional corporation organized under the laws of the State of California with its principal place of business located at 611 S. 6th Street, Las Vegas, NV, 89101. Heidari Law Group, P.C., is registered as a Foreign Professional Corporation in the State of Nevada.

6.      Counter-Plaintiff Heidari Law Group, PLLC (the "Nevada Entity") is, and at all times relevant hereto was, a professional limited liability company organized under the laws of the State of Nevada with its principal place of business located at 611 S. 6th Street, Las Vegas, NV, 89101.

7.      Counter-Defendant The Sam Bernstein Law Firm, PLLC alleges it is, and at all times relevant hereto was, a professional limited liability company organized under the laws of the State of Michigan, with its principal place of business located at 31440 Northwestern Hwy, Suite 333, Farmington Hills, MI 48334.

## ALLEGATIONS COMMON TO ALL COUNTERCLAIMS
### Counter-Defendant's Use of "Call Sam" and Its Trademark Registrations

8.      Upon information and belief, Counter-Defendant was founded by a Michigan attorney named Sam Bernstein.

9.      Upon information and belief, Counter-Defendant began using the phrase "Call Sam" alongside its telephone number (presented as the phone words 1-800-CALL-SAM) in advertisements as a means for potential clients to contact Counter-Defendant.

10.     Counter-Defendant is the owner of U.S. Trademark Registration No. 1,548,696 (the "'696 Registration") for CALL SAM for "legal services." The registration date of the '696 Registration is July 18, 1989. The '696 Registration issued from Application Serial No. 73/716,593, which was filed on March 14, 1988, and claimed a date of first use of CALL SAM of June 1984.

11.     Counter-Defendant is the owner of U.S. Trademark Registration No. 2,048,818 (the "'818 Registration") for 1-800-CALL-SAM for "complete legal services." The registration date of the '818 Registration is April 1, 1997. The '818 Registration issued from Application Serial No. 75/031,428, which was filed on December 12, 1995, and claimed a date of first use of 1-800-CALL-SAM of July 4, 1990.

**Counter-Defendant's Token Use of "Just Call Sam" and Its Recent Trademark Application**

12.     Upon information and belief, Counter-Defendant owns and maintains a website located at "callsam.com." A true and correct copy of a screen shot of the web site's home page as it appeared on February 21, 2025, is attached hereto as **Exhibit A**.

13.     The phrase "Just Call Sam" does not appear on the home page of Counter-Defendant's website.

14.     Upon information and belief, Counter-Defendant owns and maintains a Facebook page located at "Facebook.com/CallSam." A true and correct copy of a screen shot of Counter-Defendant's Facebook page as it appeared on February 21, 2025, is attached hereto as **Exhibit B**.

15.     The phrase "Just Call Sam" does not appear on Counter-Defendant's Facebook page.

16.     On September 5, 2024, Counter-Defendant filed with the United States Patent and Trademark Office ("USPTO") U.S. Trademark Application Serial No. 98/735,417 (the "'417 Application") for JUST CALL SAM for "legal

services" claiming a date of first use of May 15, 2024. A true a correct copy of a printout of the TSDR status of the '417 Application is attached hereto as **Exhibit C**.

17.    Notably, Counter-Defendant filed the '417 Application approximately three months after it had sent cease and desist correspondence to Counter-Claimants protesting Counter-Claimants' usage of JUST CALL SAM, which Defendants claimed infringed upon the '696 Registration for CALL SAM and the claimed first use date is approximately three days after Counter-Defendant's initial cease and desist correspondence to Counter-Claimants protesting Counter-Claimants' usage of CALL SAM.

18.    As part of the '417 Application, Counter-Defendant submitted a specimen of use to the USPTO purporting to show its use of JUST CALL SAM. A true and correct copy of the specimen submitted to the USPTO is attached hereto as **Exhibit D**.

19.    Upon information and belief, the specimen consists of a printout of the home page of Counter-Defendant's website. The specimen contains the phrase "Just Call Sam" just underneath the sentence "We make it easy to get the compensation you deserve after an accident."

20.    The home page of Counter-Defendant's website (**Exhibit A**) does not currently display the phrase "Just Call Sam" in that location but instead displays the phrase "Call Sam Bernstein."

21.    Upon information and belief, Counter-Defendant does not and has not consistently used the phrase "Just Call Sam," but changed the content of the home page of its website on or about September 5, 2024, for the sole purpose of capturing a screenshot to use as a specimen for the '417 Application.

22.    Counter-Defendant's use of the phrase "Just Call Sam" is, at best, token use of a mark insufficient to establish trademark rights.

23.    Upon information and belief, even if Counter-Defendant was using

the phrase "Just Call Sam," it has stopped using the mark without the intent to resume use.

**The Phrase "Call Sam" as Used by Counter-Defendant Fails to Function as a Trademark**

24.    Section 45 of the Lanham Act, 15 U.S.C. § 1127 defines "trademark" as "any word, name, symbol, or device, or any combination thereof … used by a person … to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods…."

25.    The imperative mood of a verb is a grammatical mood that forms a command or request.

26.    The phrase "Call Sam" is an imperative phrase commanding or requesting someone to place a "call" to "Sam."

27.    The name "Sam" as a first name is a common first name in the United States as well as serving as a shortened from of many other names, including but not limited to "Samuel," "Samantha," and – in the case of Mr. Heidari – "Saman."

28.    As an imperative phrase commanding or requesting the target of the phrase to call someone with a common name, the phrase "Call Sam" is incapable of identifying or distinguishing goods or services from those sold by another and is therefore incapable of serving as a trademark.

**Counter-Claimants and Their Use of the Phrases "Just Call Sam" and "Llama A Sam"**

29.    Mr. Heidari is an attorney licensed to practice law in Nevada and California.

30.    Mr. Heidari founded the Nevada Entity in 2014 in Las Vegas, Nevada, where it maintains its principal place of business. The Nevada Entity performs legal services throughout Nevada and specializes in personal injury law.

31.    The Nevada Entity owns and maintains the websites located at

"heidarilawgroup.com,"        "justcallsam.com,"        "llamasam.com,"        and "abogadosconexperiencia.com."

32.    Mr. Heidari founded the California Entity in 2015. Its principal place of business is in Las Vegas, but it maintains several offices throughout California The California Entity performs legal services in California via Mr. Heidari and other attorneys at the firm licensed to practice in California and also specializes in personal injury law.

33.    The California Entity does not maintain separate websites from those maintained by the Nevada Entity. Instead, the same websites promote the services of both the Nevada Entity and the California Entity without specifying which because both entities operate under the trade name "Heidari Law Group."

34.    In early 2023, Counter-Claimants began using the phrase "Just Call Sam" on its website and social media in connection with advertising the legal services provided by Heidari Law Group.

35.    In the fall of 2023, Counter-Claimants began using the phrase "Llama A Sam" on its website and social media in connection with advertising the legal services provided by Heidari Law Group.

36.    Starting in early 2023 and up to the present, Counter-Claimants have used the phrases "Just Call Sam" and "Llama A Sam" on multiple marketing channels throughout Clark County, Nevada, including magazine publications, approximately 35 billboards, 300 bus shelters, and approximately 20 buses.

37.    Upon information and belief, Counter-Claimants began using the phrase "Just Call Sam" well before the date of Counter-Defendant's token use of the phrase or even before Counter-Defendant's own claimed first use date of May 15, 2024.

38.    Accordingly, Counter-Claimants have trademark priority in the phrase "Just Call Sam" and are the owner of any common-law trademark rights in the phrase.

39.     Upon information and belief, Counter-Defendant has never used the phrase "Llama A Sam" in connection with the marketing and promotion of its legal services.

40.     Accordingly, Counter-Claimants have trademark priority in the phrase "Llama A Sam" and are the owner of any common-law trademark rights in the phrase.

## FIRST COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT FOR USE OF "JUST CALL SAM" – NO LIKELIHOOD OF CONFUSION

41.     This is a counterclaim for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

42.     Counter-Defendant The Sam Bernstein Law Firm, PLLC, has clearly and repeatedly alleged, *inter alia*, that Counter-Claimants' use of JUST CALL SAM would be and is an infringement of Counter-Defendant's claimed trademark rights.

43.     Infringement of a registered trademark is actionable under the Lanham Act, 15 U.S.C. § 1114(1), which permits a registrant to commence a civil action in U.S. District Court to obtain, *inter alia,* injunctive relief to prevent violation of any such rights, 15 U.S.C. § 1116; and monetary relief including profits attributable to the infringement, *Id.* at § 1117.

44.     Counter-Defendant's allegations constitute a clear, unambiguous claim that Counter-Claimants' use of JUST CALL SAM is an infringement of Counter-Defendant's claimed trademark and common law rights, and that Counter-Claimants must meet Counter-Defendant's demands or be faced with continued litigation.

45.     Counter-Claimants have denied that its good faith use of JUST CALL SAM does or will create any likelihood of confusion with Counter-Defendant or its products or services.

46.     The unreasonable demands of Counter-Defendant are intended to disrupt Counter-Claimants' lawful business, thereby requiring an adjudication of the rights of the parties in the dispute identified herein before Counter-Claimants suffer further damage.

47.     An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Counter-Defendant's claimed trademark rights, and the respective rights of the parties. *See 28* U.S.C. §§ 2201, 2202; Fed. R. Civ. P. 57.

48.     Counter-Claimants' use of JUST CALL SAM will not cause consumer confusion, does not infringe upon any registered trademark owned by Counter-Defendant, and does not constitute unfair competition.

49.     Counter-Claimants have no adequate remedy at law and therefore seek declaratory relief as set forth herein.

## SECOND COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT FOR USE OF "LLAMA A SAM" – NO LIKELIHOOD OF CONFUSION

50.     This is a counterclaim for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202

51.     Counter-Defendant The Sam Bernstein Law Firm, PLLC, has clearly and repeatedly alleged, *inter alia*, that Counter-Claimants' use of LLAMA A SAM would be and is an infringement of Counter-Defendant's claimed trademark rights.

52.     Infringement of a registered trademark is actionable under the Lanham Act, 15 U.S.C. § 1114(1), which permits a registrant to commence a civil action in U.S. District Court to obtain, *inter alia,* injunctive relief to prevent violation of any such rights, 15 U.S.C. § 1116; and monetary relief including profits attributable to the infringement, *Id.* at § 1117.

53.     Counter-Defendant's allegations constitute a clear, unambiguous claim that Counter-Claimants' use of LLAMA A SAM is an infringement of

Counter-Defendant's claimed trademark and common law rights, and that Counter-Claimants must meet Counter-Defendant's demands or be faced with continued litigation.

54.    Counter-Claimants have denied that its good faith use of LLAMA A SAM does or will create any likelihood of confusion with Counter-Defendant or its products or services.

55.    The unreasonable demands of Counter-Defendant are intended to disrupt Counter-Claimants' lawful business, thereby requiring an adjudication of the rights of the parties in the dispute identified herein before Counter-Claimants suffer further damage.

56.    An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Counter-Defendant's claimed trademark rights, and the respective rights of the parties. *See 28* U.S.C. §§ 2201, 2202; Fed. R. Civ. P. 57.

57.    Counter-Claimants' use of LLAMA A SAM will not cause consumer confusion, does not infringe upon any registered trademark owned by Counter-Defendant, and does not constitute unfair competition.

58.    Counter-Claimants have no adequate remedy at law and therefore seek declaratory relief as set forth herein.

**THIRD COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT FOR USE OF "JUST CALL SAM" – FAIR USE**

59.    This is a counterclaim for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202

60.    Counter-Defendant The Sam Bernstein Law Firm, PLLC, has clearly and repeatedly alleged, *inter alia*, that Counter-Claimants' use of JUST CALL SAM would be and is an infringement of Counter-Defendant's claimed trademark rights.

61.    Infringement of a registered trademark is actionable under the

Lanham Act, 15 U.S.C. § 1114(1), which permits a registrant to commence a civil action in U.S. District Court to obtain, *inter alia,* injunctive relief to prevent violation of any such rights, 15 U.S.C. § 1116; and monetary relief including profits attributable to the infringement, *Id.* at § 1117.

62.    Counter-Defendant's allegations constitute a clear, unambiguous claim that Counter-Claimants' use of JUST CALL SAM is an infringement of Counter-Defendant's claimed trademark and common law rights, and that Counter-Claimants must meet Counter-Defendant's demands or be faced with continued litigation.

63.    Counter-Claimants have denied that its good faith use of JUST CALL SAM does or will create any likelihood of confusion with Counter-Defendant or its products or services.

64.    The unreasonable demands of Counter-Defendant are intended to disrupt Counter-Claimants' lawful business, thereby requiring an adjudication of the rights of the parties in the dispute identified herein before Counter-Claimants suffer further damage.

65.    An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Counter-Defendant's claimed trademark rights, and the respective rights of the parties. *See 28* U.S.C. §§ 2201, 2202; Fed. R. Civ. P. 57.

66.    The given name of Mr. Heidari – one of the Counter-Claimants and the founder of the other two Counter-Claimants – is Saman and he typically goes by "Sam."

67.    The phrase "Just Call Sam" as used by Counter-Claimants and as would be perceived by the relevant customers is simply an explanation of how potential clients can contact Mr. Heidari or another attorney at Heidari Law Group by using the imperative "just call" followed by a reference to Mr. Heidari's actual first name "Sam."

68.    The use of the phrase "Just Call Sam" by Counter-Claimants constitutes fair use and as such does not constitute trademark infringement or unfair competition.

69.    Counter-Claimants have no adequate remedy at law and therefore seek declaratory relief as set forth herein.

## FOURTH COUNTERCLAIM: DECLARATORY JUDGMENT OF NON-INFRINGEMENT FOR USE OF "LLAMA A SAM" – FAIR USE

70.    This is a counterclaim for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202

71.    Counter-Defendant The Sam Bernstein Law Firm, PLLC, has clearly and repeatedly alleged, *inter alia*, that Counter-Claimants' use of LLAMA A SAM would be and is an infringement of Counter-Defendant's claimed trademark rights.

72.    Infringement of a registered trademark is actionable under the Lanham Act, 15 U.S.C. § 1114(1), which permits a registrant to commence a civil action in U.S. District Court to obtain, *inter alia,* injunctive relief to prevent violation of any such rights, 15 U.S.C. § 1116; and monetary relief including profits attributable to the infringement, *Id.* at § 1117.

73.    Counter-Defendant's allegations constitute a clear, unambiguous claim that Counter-Claimants' use of LLAMA A SAM is an infringement of Counter-Defendant's claimed trademark and common law rights, and that Counter-Claimants must meet Counter-Defendant's demands or be faced with continued litigation.

74.    Counter-Claimants have denied that its good faith use of LLAMA A SAM does or will create any likelihood of confusion with Counter-Defendant or its products or services.

75.    The unreasonable demands of Counter-Defendant are intended to disrupt Counter-Claimants' lawful business, thereby requiring an adjudication of the rights of the parties in the dispute identified herein before Counter-Claimants

1    suffer further damage.

2    76.    An actual case or controversy therefore exists within the Court's

3    jurisdiction, concerning the validity of Counter-Defendant's claimed trademark

4    rights, and the respective rights of the parties. *See 28* U.S.C. §§ 2201, 2202; Fed.

5    R. Civ. P. 57.

6    77.    The given name of Mr. Heidari – one of the Counter-Claimants and

7    the founder of the other two Counter-Claimants – is Saman and he typically goes

8    by "Sam."

9    78.    The phrase "Llama A Sam" as used by Counter-Claimants and as

10   would be perceived by the relevant customers is simply an explanation of how

11   Spanish-speaking potential clients can contact Mr. Heidari or another attorney at

12   Heidari Law Group by using the Spanish language version of the imperative "call"

13   followed by a reference to Mr. Heidari's actual first name "Sam."

14   79.    The use of the phrase "Llama A Sam" by Counter-Claimants

15   constitutes fair use and as such does not constitute trademark infringement or

16   unfair competition.

17   80.    Counter-Claimants have no adequate remedy at law and therefore

18   seek declaratory relief as set forth herein.

## FIFTH COUNTERCLAIM: DECLARATORY JUDGMENT OF
19
## TRADEMARK INVALIDITY AND CANCELLATION OF THE '696
20
## REGISTRATION
21

22   81.    This is a counterclaim for declaratory judgment pursuant to the

23   Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and for Cancellation

24   of a Trademark Registration Pursuant to 15 U.S.C. §§ 1064 and 1119.

25   82.    The phrase "Call Sam" as used by Counter-Defendant is incapable of

26   functioning as a trademark as defined 15 U.S.C. § 1127 because it is understood

27   by the relevant public as merely a common, generic imperative instructing people

28   to call someone named Sam and does not identify and distinguish the services of

one person from the services of others and to indicate the source of the services.

83.    Counter-Defendant's conduct and threats as complained of herein have caused, and will continue to cause, injury to Counter-Claimants.

84.    An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Counter-Defendant's claimed trademark rights. *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P 57.

85.    Because the imperative phrase "Call Sam" as used by Counter-Defendant is incapable of serving as a trademark, Counter-Defendant have no valid trademark rights in the phrase.

86.    Under 15 U.S.C. §1119, the Court has jurisdiction "[i]n any action involving a registered mark . . . to order the cancelation of registrations. . ., and otherwise rectify the register with respect to the registrations of any party to the action."

87.    Because U.S. Trademark Registration No. 1,548,696 for CALL SAM consists of a phrase incapable of functioning as a trademark as defined 15 U.S.C. § 1127, the '696 Registration is subject to cancellation under 15 U.S.C. §1064(3), and therefore, this Court, under 15 U.S.C. §1119, should order that U.S. Trademark Registration No. 1,548,696 be canceled in order to rectify the register.

88.    Counter-Claimants have no adequate remedy at law and therefore seek declaratory relief against the Counter-Defendant as set forth herein.

## SIXTH COUNTERCLAIM: DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND CANCELLATION OF THE '818 REGISTRATION

89.    This is a counterclaim for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and for Cancellation of a Trademark Registration Pursuant to 15 U.S.C. §§ 1064 and 1119.

90.    The phrase "1-800-Call-Sam" as used by Counter-Defendant is incapable of functioning as a trademark as defined 15 U.S.C. § 1127 because it is

understood by the relevant public as merely a telephone number incorporating as its phone words a common, generic imperative instructing people to call someone named Sam and does not identify and distinguish the services of one person from the services of others and to indicate the source of the services.

91.    Counter-Defendant's conduct and threats as complained of herein have caused, and will continue to cause, injury to Counter-Claimants.

92.    An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Counter-Defendant's claimed trademark rights. *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P 57.

93.    Because the phrase "1-800-Call-Sam" as used by Counter-Defendant is incapable of serving as a trademark, Counter-Defendant have no valid trademark rights in the phrase.

94.    Under 15 U.S.C. §1119, the Court has jurisdiction "[i]n any action involving a registered mark . . . to order the cancelation of registrations. . ., and otherwise rectify the register with respect to the registrations of any party to the action."

95.    Because U.S. Trademark Registration No. 2,048,818 for 1-800-CALL-SAM consists of a phrase incapable of functioning as a trademark as defined 15 U.S.C. § 1127, the '818 Registration is subject to cancellation under 15 U.S.C. §1064(3), and therefore, this Court, under 15 U.S.C. §1119, should order that U.S. Trademark Registration No. 1,548,696 be canceled in order to rectify the register.

96.    Counter-Claimants have no adequate remedy at law and therefore seek declaratory relief against Counter-Defendant as set forth herein.

## SEVENTH COUNTERCLAIM: DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND ORDERING THE INVALIDATION OF THE '417 REGISTRATION – PRIORITY

97.    This is a counterclaim for declaratory judgment pursuant to the

Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and for Invalidation of a Trademark Application Pursuant to 15 U.S.C. §§ 1064 and 1119.

98.    Counter-Claimants began using the phrase "Just Call Sam" in connection with provision of legal services well before Counter-Defendant's use of the phrase and therefore Counter-Claimants are the owners of any trademark rights in the phrase.

99.    Counter-Defendant's conduct and threats as complained of herein have caused, and will continue to cause, injury to Counter-Claimants.

100.    An actual case or controversy therefore exists within the Court's jurisdiction, concerning the ownership of trademark rights in the phrase "Just Call Sam." *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P 57.

101.    Because Counter-Claimants are the owner of any trademark rights in the phrase "Just Call Sam" by virtue of their first use of the phrase, Counter-Defendant has no valid trademark rights in the phrase.

102.    Under 15 U.S.C. §1119, the Court has jurisdiction "[i]n any action involving a registered mark . . . to order the cancelation of registrations. . ., and otherwise rectify the register with respect to the registrations of any party to the action."

103.    Because this action involves a claim of infringement of Counter-Defendant's registered trademarks, this Court also has jurisdiction to invalidate the trademark applications of a party to the action. *See BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.,* 97 F.4th 668, 670 (9th Cir. 2024).

104.    Since Counter-Claimants are the owners of trademark rights in the phrase "Just Call Sam" and Counter-Defendant has no trademark rights in the phrase, Counter-Defendant is not the owner of the mark in U.S. Trademark Application Serial No. 98/735,417 for JUST CALL SAM. Therefore, any registrations resulting from the '417 Application would be subject to cancellation under 15 U.S.C. §1051 and this Court, under 15 U.S.C. §1119, should order that

U.S. Trademark Application Serial No. 98/735,417 should be invalidated and not be allowed to proceed to registration.

105.    Counter-Claimants have no adequate remedy at law and therefore seek declaratory relief against Counter-Defendant as set forth herein.

## EIGHTH COUNTERCLAIM: DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND ORDERING THE INVALIDATION OF THE '417 APPLICATION – TOKEN USE

106.    This is a counterclaim for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and for Invalidation of a Trademark Application Pursuant to 15 U.S.C. §§ 1064 and 1119.

107.    Counter-Defendant's token use of the phrase "Just Call Sam" was insufficient to constitute "use in commerce" pursuant to 15 U.S.C. § 1127.

108.    Counter-Defendant's conduct and threats as complained of herein have caused, and will continue to cause, injury to Counter-Claimants.

109.    An actual case or controversy therefore exists within the Court's jurisdiction, concerning whether Counter-Defendant used the "Just Call Sam." Mark in commerce sufficient to obtain federal registration. *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P 57.

110.    Under 15 U.S.C. §1119, the Court has jurisdiction "[i]n any action involving a registered mark . . . to order the cancelation of registrations. . ., and otherwise rectify the register with respect to the registrations of any party to the action."

111.    Because this action involves a claim of infringement of Counter-Defendant's registered trademarks, this Court also has jurisdiction to invalidate the trademark applications of a party to the action. *See BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.,* 97 F.4th 668, 670 (9th Cir. 2024).

112.    Since Counter-Plaintiff's token use of the phrase "Just Call Sam" was insufficient to establish trademark rights sufficient for federal registration of the

mark, any registration resulting from U.S. Trademark Application Serial No. 98/735,417 for JUST CALL SAM would be subject to cancellation under 15 U.S.C. §1051 and this Court, under 15 U.S.C. §1119, should order that U.S. Trademark Application Serial No. 98/735,417 should be invalidated and not be allowed to proceed to registration.

113.    Counter-Claimants have no adequate remedy at law and therefore seek declaratory relief against Counter-Defendant as set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Counter-Claimants request relief as follows:

A.    A Declaration of Counter-Claimants' lawful rights to use the imperative phrases JUST CALL SAM and LLAMA A SAM without complaint or further interference from Counter-Defendant;

B.    A Declaration that Counter-Claimants' use of JUST CALL SAM and LLAMA A SAM do not infringe upon Counter-Defendant's Trademarks;

C.    A Declaration that Counter-Claimants' use of the imperative phrases JUST CALL SAM and LLAMA A SAM do not create a likelihood of consumer confusion with Counter-Defendant's Trademarks or with any common law rights of Counter-Defendant;

D.    A Declaration that the imperative phrase "Call Sam" is incapable of functioning as a trademark.

E.    A Declaration that Counter-Defendant does not have any trademark rights in the phrase "Just Call Sam."

F.    A Declaration that Counter-Defendant does not have any trademark rights in the phrase "Llama A Sam."

G.    An Order pursuant to 15 U.S.C. § 1119 to rectify the Principal Register of the United States Patent and Trademark Office cancelling Counter-Defendant's Trademark Registration Nos. 1,548,696 and 2,048,818, and directing that such order shall be certified to the Director, who shall make appropriate entry

1  upon the records of said Office;

2       H.    An Order pursuant to 15 U.S.C. § 1119 to rectify the Principal

3  Register of the United States Patent and Trademark Office invalidating Counter-

4  Defendant's Trademark Application Serial No. 98/735,417, and directing that such

5  order shall be certified to the Director, who shall make appropriate entry upon the

6  records of said Office;

7       I.    A Declaration that this is an "exceptional case" and an award of

8  Counter-Claimants' attorneys' fees and costs under 15 U.S.C. § 1117; and,

9       J.    Such other and further relief as this Court shall deem necessary and

10  appropriate.

11                                Respectfully Submitted,

12  Date: March 17, 2025           **GILE LAW GROUP LTD.**

13

14                           /s/___*Ryan Gile*_____
                         Ryan Gile (SBN 192802)

15                           rg@gilelawgroup.com
                         1180 N Town Center Drive, Suite 100

16                           Las Vegas, NV 89144
                         Phone: 702.703.7288

17                           Attorneys    for    Defendants/Counter-
                         Claimants

18                           SAMAN RYAN HEIDARI, HEIDARI
                         LAW GROUP, P.C., and HEIDARI LAW

19                           GROUP, PLLC

20

21

22

23

24

25

26

27

28

**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**