Jura C. Zibas (SBN 217864)
Valeria Granata (SBN 305905)
David R. Lang (SBN331426)
Jura.Zibas@wilsonelser.com
Valeria.Granata@wilsonelser.com
David.Lang@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Phone: 213.443.5100
Fax: 213.443.5101

Ryan Gile (SBN 192802)
rg@gilelawgroup.com
**GILE LAW GROUP LTD.**
1180 N. Town Center Drive, Suite 100
Las Vegas, NV 89144
Phone: 702.703.7288

Attorneys for Defendants/Counter-Claimants
SAMAN RYAN HEIDARI, HEIDARI LAW GROUP, P.C.,
and HEIDARI LAW GROUP, PLLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| THE SAM BERNSTEIN LAW FIRM, PLLC<br><br>Plaintiff,<br><br>v.<br><br>SAMAN RYAN HEIDARI; HEIDARI LAW GROUP, P.C.; HEIDARI LAW GROUP, PLLC,<br><br>Defendants.<br><br>SAMAN RYAN HEIDARI; HEIDARI LAW GROUP, P.C.; HEIDARI LAW GROUP, PLLC,<br><br>Counter-Claimants,<br><br>v.<br><br>THE SAM BERNSTEIN LAW FIRM, PLLC,<br><br>Counter-Defendant. | **Case No. 2:24-CV-10251-SK**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' FIFTH AND SIXTH COUNTERCLAIMS**<br><br>Hearing Date: May 14, 2025<br>Time: 10:00 am<br>Courtroom: 540 |

Defendants/Counter-Claimants Saman Ryan Heidari, Heidari Law Group, P.C., and Heidari Law Group, PLLC (collectively, "Defendants"), by and through their undersigned counsel of record, hereby oppose Plaintiff's Motion to Dismiss Defendants' Fifth and Sixth Counterclaims, filed by Plaintiff/Counter-Defendant The Sam Bernstein Law Firm, PLLC ("Plaintiff") on March 31, 2025 (ECF No. 61). This opposition is made and based on the papers and pleadings on file herein, as well as the memorandum of points and authorities below, and any oral argument the Court may entertain on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Legal Standard for Motion to Dismiss a Counterclaim

The standard for dismissing counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is the same as that for dismissing claims alleged in an initial complaint. *King County v. Rasmussen*, 299 F.3d 1077, 1090 (9th Cir. 2002). A claim or counterclaim may be dismissed under Rule 12(b)(6) only if it "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

To survive a motion to dismiss under Rule 12(b)(6), a counterclaim needs to satisfy only the minimal notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which requires only that the counterclaim include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Hana Fin., Inc. v. Hana Bank*, 500 F.Supp.2d 1228, 1232-33 (C.D. Cal. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). "All that is required is that the plaintiff give 'fair notice' of the claim and its basis." *Sagana v. Tenorio*, 384 F.3d 731, 736 (9th Cir. 2004).

The Court must accept as true all material allegations in the counterclaim, as well as reasonable inferences to be drawn from them. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). "[F]or a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that

1

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS'
FIFTH AND SIXTH COUNTERCLAIMS

content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

As described in detail below, Defendants have alleged in their Fifth and Sixth Counterclaims both a cognizable legal theory and sufficient facts to support that cognizable legal theory sufficient to survive a motion to dismiss.

## II. Defendants Have Alleged a Cognizable Legal Theory in Counterclaims Five and Six

In their Fifth and Sixth Counterclaims, Defendants allege that two of Plaintiff's trademark registrations, U.S. Registration No. 1,548,696 for CALL SAM and U.S. Registration No. 2,048,818 for 1-800-CALL-SAM – both for legal services – are invalid on the grounds that the marks are generic and incapable of functioning as a trademark, and the registrations should therefore be cancelled pursuant to 15 U.S.C. §§ 1064 and 1119 (ECF No. 56, ¶¶ 81-96). The allegations in both counterclaims are substantially identical with the only difference being that each counterclaim addresses a different trademark registration.

Plaintiff argues that Defendants' Fifth and Sixth Counterclaims should be dismissed because "failure to function as a trademark" is not a valid ground for cancellation of a trademark registration that is more than five years old (ECF No. 61, p. 6). Section 15 of the Trademark Act states that registered trademarks become "incontestable" after five years' continuous use from the date of registration. 15 U.S.C. § 1065. Once a registered mark becomes "incontestable," the potential grounds for a cancellation action are limited to those described in 15 U.S.C. §§ 1064(3), 1064(5), and 1064(6). *See Cytosport, Inc. v. Vital Pharms., Inc.*, 894 F.Supp.2d 1285, 1298 (E.D. Cal. 2012).

Defendants do not dispute that the trademark registrations which are the subject of the Fifth and Sixth Counterclaims are more than five years old. Moreover, subsections (5) (dealing with certification marks) and (6) (dealing with allegations where the mark has never been used in commerce) of 15 U.S.C. § 1064

are inapplicable in this case. The fundamental question is thus whether the grounds alleged by Defendants in their Fifth and Sixth Counterclaims for cancellation of Plaintiff's registrations fall within the realm of those grounds contained within 15 U.S.C. § 1064(3). Defendants respectfully argue that they do.

The valid grounds for cancellation of an incontestable mark listed in 15 U.S.C. § 1064(3) include: (1) where the registered mark becomes a generic, or common descriptive name; (2) where the mark has been abandoned; (3) where the mark was obtained fraudulently; (4) where the mark is functional; or (5) where the registered mark is being used to misrepresent the source of the goods or services.[1] *See 1A Gilson on Trademarks* § 4.03(2) (2024).

Conversely, certain other grounds for cancellation are no longer valid once a mark becomes incontestable. For example, an incontestable mark can no longer be cancelled on grounds that it is "merely descriptive" under 15 U.S.C. § 1052(e). *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 196, 224 USPQ 327 (1985). Similarly, an incontestable mark cannot be cancelled on grounds of likelihood of confusion with a prior trademark under 15 U.S.C. § 1052(d). *See, e.g., Am. Cruise Lines, Inc. v. HMS Am. Queen Steamboat Co.*, 223 F.Supp.3d 207, 212-13 (D. Del. 2016). Here, Defendants have not alleged either mere descriptiveness or priority as grounds for cancellation.

Instead, Defendants have alleged that the CALL SAM and 1-800-CALL-SAM marks at issue here are generic and are incapable of functioning as a trademark. These grounds are fundamentally different than those of descriptiveness or priority that are foreclosed by the incontestability of the mark. Even marks that are merely descriptive or confusingly similar to an existing mark are capable of serving as a trademark and can be registered under certain circumstances. Descriptive marks can be registered upon a showing of "acquired distinctiveness," also known as "secondary meaning." *See In re Nett Designs, Inc.*,

---

[1] There are also additional grounds – not applicable here – involving marks obtained in violation of 15 U.S.C. §§ 1052 and 1054.

3

|   |   |
|---|---|
| 1 | 236 F.3d 1339, 1341, 57 U.S.P.Q.2d 1564 (Fed. Cir. 2001) ("A merely descriptive |
| 2 | mark qualifies for registration only if the applicant shows that it has acquired |
| 3 | secondary meaning."). Marks that are confusingly similar to an existing mark can |
| 4 | be registered if the owner of the existing mark abandons the mark and therefore |
| 5 | loses trademark priority. *See, e.g., GMC v. Aristide & Co.*, 87 U.S.P.Q.2d (BNA) |
| 6 | 1179, 1187 (TTAB 2008) (dismissing an opposition to trademark registration |
| 7 | where the opposer abandoned the mark and did not reestablish a priority date |
| 8 | earlier than that of the applicant.) |
| 9 | Thus, descriptive marks and marks confusingly similar to existing marks are |
| 10 | **capable** of serving as trademarks, but there is just something standing in the way, |
| 11 | like a lack of secondary meaning or an existing mark. The purpose of the |
| 12 | incontestability provision of 15 U.S.C. § 1064 is to "provide a means for the |
| 13 | registrant to quiet title in the ownership of his mark." *Park 'N Fly*, 469 U.S. at 198. |
| 14 | It accomplishes this by ensuring that those things that might stand in the way of |
| 15 | continued registration of a mark which is capable of serving as a trademark cannot |
| 16 | be asserted once the registration is at least five years old. |
| 17 | Defendants' allegations in the Fifth and Sixth Counterclaims are |
| 18 | fundamentally different. Defendants are <u>not</u> alleging that the marks at issue are |
| 19 | capable of serving as trademarks but something like lack of secondary meaning or |
| 20 | a prior mark are standing in the way. Instead, Defendants have alleged that the |
| 21 | marks are **incapable** of serving as trademarks and therefore can never be the |
| 22 | subject of a valid trademark registration and can be cancelled at any time. |
| 23 | It is undisputed that generic marks are always subject to cancellation, even |
| 24 | when the mark is incontestable under 15 U.S.C. § 1064. *See Park 'N Fly*, 469 U.S. |
| 25 | at 194-95, 197. In other words, the incontestability of Plaintiff's registrations has |
| 26 | no bearing on whether the marks are in fact generic. *See In re Cordua Rests., Inc.*, |
| 27 | 823 F.3d 594, 599–600 (Fed. Cir. 2016) ("... [I]ncontestability is irrelevant to the |
| 28 | question of genericness."). This is true whether the party challenging the marks |

alleges that they have become generic over time or that they were always generic and should not have been registered in first place. *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F.Supp.3d 139, 149 (N.D. Cal. 2020). ("The harm in affording protection to a generic term is the same whether the mark became generic or whether the term was always generic.").

The reason why generic terms can never function as a trademark and are subject to cancellation at any time is that allowing protection for generic names would permit an undesirable monopoly on the name of goods or services that would make it difficult for a competitor to describe what goods or services it offers. *See In re Pennington Seed, Inc.*, 466 F.3d 1053, 1058 (Fed. Cir. 2006) ("To allow trademark protection for generic terms, … even when these have become identified with a first user, would grant the owner of the mark a monopoly, since a competitor could not describe his goods as what they are.") (citation omitted). Accordingly, generic marks are not capable of protection "under any circumstances." *Surgicenters of Am., Inc. v. Med. Dental Surgeries, Co.*, 601 F.2d 1011, 1014 (9th Cir. 1979).

The same rationale is true of marks that are incapable of functioning as a trademark because they are a common, imperative phrase, as Defendants have alleged of Plaintiff's marks in their Fifth and Sixth Counterclaims. Both genericness and "failure to function" as grounds for denying trademark protection have their statutory basis in the statutory definitions of "trademark" and "service mark" in Section 45 of the Lanham Act, 15 U.S.C. § 1127. *See In re Erik Brunetti*, 2022 TTAB LEXIS 297, *32, 2022 USPQ2d 764 (TTAB August 22, 2022) ("Like genericness, 'failure to function' finds its statutory basis in Section 45's definition of a trademark."). Section 45 defines a "trademark" and "service mark" in pertinent part, as

> "any word, name, symbol, or device, or any combination thereof, used by a person, or which a person has a bona fide intention to use in commerce … to identify and distinguish his or her goods [or

services], including a unique product [or service], from those manufactured or sold [or provided] by others, and to indicate the source of the goods [or services], even if that source is unknown."

15 U.S.C. § 1127. "Matter that does not operate to indicate the source or origin of the identified goods or services and distinguish them from those of others does not meet the statutory definition of a trademark and **may not be registered**." *In re The Ride*, 2020 USPQ2d 39644, at *5-6 (TTAB 2020) (emphasis added).

This is equally true of both generic terms and terms that "fail to function as a trademark." The Supreme Court has stated: "Because a generic name by definition does not distinguish the identity of a particular product, it cannot be registered as a trademark under the Lanham Act." *San Francisco Arts & Athletics, Inc. v. United States Olympic Cte.*, 483 U.S. 522, 532 n.7 (1987). Similarly, a proposed mark fails to function as a trademark if consumers will view it as a merely informational phrase or wording instead of something that "point[s] out distinctively the origin of the goods to which it is attached." *In re Bose Corp.*, 546 F.2d 893, 897, 192 USPQ 213, 215 (CCPA 1976). The basic idea is the same: if something cannot serve as a source indicator – whether because it is generic or because it is merely informational and is therefore incapable of functioning as a trademark – it cannot be registered.

In addition, the standard for determining whether a proposed mark is generic is virtually indistinguishable from the standard for determining whether a mark fails to function as a trademark. The determination of whether a proposed mark is generic involves determining "whether the relevant consuming public's primary perception of the mark is as a source of a product or as a type, category, or kind of product." *See Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1147 (9th Cir. 1999). Similarly, the test of whether a proposed mark fails to function as a trademark involves determining "how the relevant public perceives it." *In re Texas With Love, LLC*, 2020 USPQ2d 11290, at *2 (TTAB 2020).

It follows that proposed marks that cannot be registered because they are

1  generic and proposed marks that cannot be registered because they fail to function
2  as a trademark are both equally susceptible to cancellation at any time – even when
3  they have become incontestable. And at least one District Court has reached the
4  same conclusion. In *ChemLogix LLC v. Bulk Tainer Logistics N. Am.*, the
5  defendant in a trademark infringement action alleged that an incontestable
6  registered mark should be cancelled because it "fails to function as a trademark."
7  2023 U.S. Dist. LEXIS 157150 at *14 (E.D. Pa. Sep. 6, 2023). The Court ruled that
8  such an allegation is not a claim that a mark is descriptive but is instead akin to
9  alleging that the mark is being used "in a generic sense" and is therefore
10 permissible, even when the mark has become incontestable. *Id.* at *15.

11      In conclusion, Defendants have alleged a cognizable legal theory since an
12 allegation that a registration should be cancelled because the mark is generic and
13 an allegation that it should be cancelled because the mark fails to function as a
14 trademark are functionally equivalent. The crux of the issue is that in both cases,
15 the relevant consuming public does not view the proposed mark as a source
16 indicator. It necessarily follows that an allegation that a mark is incapable of
17 functioning as a trademark can be asserted against even an incontestable mark, just
18 like an allegation that the mark is generic. In both cases, the proposed mark fails
19 to meet the definition of "trademark" or "service mark" found in Section 45 of the
20 Lanham Act and therefore can never be registered. Accordingly, Defendants have
21 alleged a cognizable legal claim in their Fifth and Sixth Counterclaims that
22 Plaintiff's registrations should be cancelled.

23 **III.  Defendants Have Alleged Sufficient Facts to Support Their Cognizable**
24      **Legal Theory.**

25      As discussed in Section I above, to survive a motion to dismiss, Defendants'
26 counterclaims need only contain a "short and plain statement of the claim showing
27 that the pleader is entitled to relief." *Hana Fin.*, 500 F.Supp.2d at 1232-33. A
28 proposed mark fails to function as a trademark if consumers will view it as a merely

7

informational phrase or wording instead of something that "point[s] out distinctively the origin of the goods to which it is attached." *In re Bose Corp.*, 546 F.2d 893, 192 USPQ 213, 215 (CCPA 1976). Thus, Defendants need only allege that consumers will view Plaintiff's marks as something other than a source indicator, which is what is required for a phrase to meet the definition of trademark or service mark in Section 45.

This is precisely what Defendants have alleged. Their Fifth Counterclaim contains the following paragraph:

> The phrase "Call Sam" as used by Counter-Defendant is incapable of functioning as a trademark as defined 15 U.S.C. § 1127 because it is understood by the relevant public as merely a common, generic imperative instructing people to call someone named Sam and does not identify and distinguish the services of one person from the services of others and to indicate the source of the services.

(ECF No. 56, ¶ 82). Defendants' Sixth Counterclaim contains a corresponding paragraph with reference to Plaintiff's 1-800-CALL-SAM mark (ECF No. 56, ¶ 90). These allegations that the marks are incapable of functioning as a trademark are sufficient to meet the minimal pleading standards and constitute factual allegations sufficient to support Defendants' cognizable legal theory.

Whether a mark is generic or fails to function as a trademark because it is not perceived as a source indicator are both questions of fact. *See Advertise.com, Inc. v. AOL Adver., Inc.*, 616 F.3d 974, 977 (9th Cir. 2010) ("Whether a mark is generic is a question of fact."); *In re Go & Assocs., LLC*, 90 F.4th 1354, 1357 (Fed. Cir. 2024) ("Whether or not a mark functions as a source identifier is a question of fact…."). And to be considered generic, a term need not directly relate to the name of a service, but may relate to some characteristic of that genus of services.[2] *See ChemLogix,* 2023 U.S. Dist. LEXIS 157150 at *19 (citing *Dranoff-Perlstein Assocs. v. Sklar*, 967 F.2d 852, 859 (3d Cir. 1992)). As such, they are inappropriate

---

[2] For example, where a key characteristic of the legal services rendered is that they are performed by an attorney named "Sam," then the wording "Call Sam" would be understood by the relevant public as a generic imperative instructing the public to call that attorney named "Sam" for legal services.

8

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' FIFTH AND SIXTH COUNTERCLAIMS

for resolution on a motion to dismiss. *See, e.g., FragranceNet.com, Inc. v. Les Parfums, Inc.*, 672 F.Supp.2d 328, 333-34 (E.D.N.Y. 2009) (concluding question of whether trademark is generic is inappropriate for determination on motion to dismiss). Especially when, as here, Defendants have met the minimal notice pleading requirements of Fed. R. Civ. P. 8(a)(2).

## IV. Conclusion

For the reasons set forth above, Defendants Saman Ryan Heidari, Heidari Law Group, P.C., and Heidari Law Group, PLLC respectfully request that Plaintiff's Motion to Dismiss Defendants' Fifth and Sixth Counterclaims be denied in its entirety.

DATED: April 11, 2025

Respectfully Submitted,

**GILE LAW GROUP, LTD.**

/s/ *Ryan Gile*
Ryan Gile (SBN 192802)
rg@gilelawgroup.com
1180 N Town Center Drive, Suite 100
Las Vegas, NV 89144
Phone: 702.703.7288

Attorneys for Defendants/Counter-Claimants SAMAN RYAN HEIDARI, HEIDARI LAW GROUP, P.C., and HEIDARI LAW GROUP, PLLC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF to all participants in the case who are registered CM/ECF users.

*/s/ Ryan Gile*
Employee, Gile Law Group Ltd.